IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

DONTA JENKINS,

                                                      OPINION AND ORDER

                Plaintiff,

                                                     22-cv-173-bbc

      v.

BANK OF AMERICA AND
CSL PLASMA,

                Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

Pro se plaintiff Donta Jenkins has filed a civil complaint in which he alleges that Bank of America and CSL Plasma have denied him access to the bank card that he received as compensation for donating plasma. The case is before the court for screening to determine whether plaintiff's complaint states a claim upon which relief may be granted. 28 U.S.C. § 1915(e)(2).

Plaintiff alleges that he began donating blood to CSL Plasma in Eau Claire, Wisconsin in October 2021. CSL Plasma paid plaintiff for his plasma with a Bank of America prepaid card that was reloaded with money each time he donated blood. Plaintiff lost his paycard and has contacted both CSL Plasma and Bank of American, but no one has helped him. There is still money on his Bank of America card, but he cannot access it and has not been able to obtain a new card.

These allegations are not enough to support a claim under federal law. In his complaint, plaintiff refers to the Eighth, Ninth and Fourteenth Amendments, but plaintiff cannot bring a constitutional claim against Bank of America or CSL Plasma. The

1

Constitution applies only to "state actors," who generally are government employees or those acting on the government's behalf, Filarsky v. Delia, 566 U.S. 377, 387 (2012), and in this case, the named defendants are not government entities or agents for the government.

Plaintiff also identifies two federal statutes: Americans with Disabilities Act (ADA) and Equal Credit Opportunity Act. However, these statutes prohibit discrimination on the basis of disability, race, color, religion, national origin, sex, marital status or age. *See* 42 U.S.C. §; 12132; 15 U.S.C. §§ 1691-1691f.  Although plaintiff says that he has disabilities, he does not allege facts suggesting that defendants discriminated against him because of his disability or for any other prohibited reason.

The essence of plaintiff's claim is that defendants persuaded him to donate plasma and set up a prepaid card account for him, but have refused to help him access the money he earned after he lost his card.  These allegations might support a breach of contract claim, assuming that plaintiff had an agreement with CSL Plasma or Bank of America, but contract claims are governed by state common law.

Federal courts can resolve state-law claims only when: (1) the plaintiff is a citizen of a different state from the defendants, and (2) the amount in controversy exceeds $75,000, 28 U.S.C. §§ 1331-32.  Plaintiff alleges that he and the defendant are citizens of different states, but his allegations do not suggest that the amount in controversy exceeds $75,000. The only damages that plaintiff could recover in a breach of contract claim would be compensatory damages—the damages that he incurred as a result of defendants' alleged breach of contract.  Barnes v. Gorman, 536 U.S. 181, 187 (2002).  Punitive damages or

damages for pain and suffering are not recoverable in contract actions. Hansen v. Texas Roadhouse, Inc., 2013 WI App 2, ¶ 29, 345 Wis. 2d 669, 692, 827 N.W.2d 99, 110. Plaintiff does not allege that he had more than $75,000 on his prepaid card, or that defendants owe him more than $75,000. Therefore, this court does not have subject matter jurisdiction over his state-law claims and his complaint must be dismissed.

## ORDER

IT IS ORDERED that plaintiff Donta Jenkins's complaint is DISMISSED for failure to state a federal claim for relief and for the court's lack of jurisdiction over his state-law claims.

Entered this 20th day of May, 2022.

BY THE COURT:

/s/
_____
BARBARA B. CRABB
District Judge